

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

February 2, 2016

The Honorable Marco A. Montemayor
Webb County Attorney
1110 Washington Street, Suite 301
Laredo, Texas 78040

Opinion No. KP-0060

Re: Questions regarding the continuation of longevity pay after a county employee is elected to a county office (RQ-0042-KP)

Dear Mr. Montemayor:

You ask two questions about longevity pay granted to a county employee who later became an elected county official.[1] As background, you explain that in 2001, the Webb County Commissioners Court granted longevity pay to employees with more than fifteen years of county service. *See* Request Letter at 1.[2] According to documentation you provide, the commissioners court later passed a motion in 2003 to "allow 15 year employees that benefited from this increase in salary to transfer the amount of the increase should they be hired at another county department."[3] You tell us that a long-time county employee who received the longevity pay increase subsequently ran for office and was elected as the Webb County Clerk, a position which she currently holds. *Id.* at 1. Against this background, your first question is whether an order granting longevity pay to an individual as a county employee continues in effect for the individual if he or she becomes an elected official. *Id.* at 2.

The commissioners court is required to "set the amount of the compensation, office and travel expenses, and all other allowances for county . . . officers and employees." TEX. LOC. GOV'T CODE § 152.011. Compensation in this regard includes longevity pay. *See* Tex. Att'y Gen. Op. No. JC-0026 (1999) at 1 (acknowledging the discretion of the commissioners court to prospectively provide longevity pay to an officer); Tex. Att'y Gen. LO-96-007, at 2 (concluding that a county may provide longevity pay to employees); *see also* TEX. LOC. GOV'T CODE § 152.906 (authorizing counties with a population of 190,000 or more to provide longevity pay to employees). A county is thus authorized to provide longevity pay to both employees and officers. The longevity pay policy about which you inform us appears to apply only to qualified employees.

---

[1]Letter from Honorable Marco A. Montemayor, Webb Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 2 (Aug. 6, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]*See also* Exhibit 1 at 2, attached to Request Letter (Webb Cty. Comm'rs Ct. Regular Meeting Agenda dated Aug. 13, 2001) ("Exhibit 1").

[3]*See also* Exhibit 2 at 2, attached to Request Letter (Official Minutes for Webb Cty. Comm'rs Ct. Meeting of Apr. 14, 2003) ("Exhibit 2").

*See* Request Letter at 1; Exhibit 1 at 2; Exhibit 2 at 2. The county clerk, however, is no longer an employee but an officer. *See* TEX. CONST. art. V, § 20 (establishing the office of county clerk "for each county" and providing that the clerk is "elected . . . by the qualified voters" for a four-year term); *see also Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (explaining the difference between an officer and an employee). Consequently, the county clerk is no longer covered by the county's employee longevity pay policy. *See* Tex. Att'y Gen. Op. No. JC-0026 (1999) at 2 (noting that "[s]ince having taken office" a sheriff was "an officer and not an employee, and therefore [was] not entitled to the longevity pay rate" applicable to deputies).

You do not tell us that Webb County currently provides longevity pay for county officers, and thus we assume it does not. If it so desires, the commissioners court could provide longevity pay for officers pursuant to section 152.013 of the Local Government Code. *See* TEX. LOC. GOV'T CODE § 152.013 (governing the setting of compensation for county officers). Under that section, the commissioners court would set an officer's compensation "at a regular meeting of the court during the regular budget hearing and adoption proceedings" each year. *Id.* § 152.013(a). Section 152.013 would also require the commissioners court to publish "any salaries, expenses, or allowances" of officers "that are proposed to be increased . . . and . . . the amount of the proposed increases" in a general circulation newspaper "[b]efore the 10th day before the date of the meeting." *Id.* § 152.013(b). Finally, section 152.013 would require the commissioners court to notify county officers of their "salary and personal expenses to be included in the budget" before the annual budget is filed with the county clerk. *Id.* § 152.013(c). Longevity pay could not, however, be granted retroactively. This is because article III, section 53 of the Texas Constitution prohibits the commissioners court from paying "any extra compensation, fee or allowance to a public officer . . . after service has been rendered." TEX. CONST. art. III, § 53; *see also* Tex. Att'y Gen. Op. Nos. JC-0026 (1999) at 2 (concluding that while a commissioners court has the discretion to increase an officer's rate of longevity pay, it may not do so "for services already rendered" because of article III, section 53); JC-0123 (1999) at 2 (noting that if a commissioners court adopts a policy allowing unused leave to follow an employee if the employee becomes an officer, the policy "must operate prospectively, not retrospectively" for the same reason). Thus, to the extent Webb County adopts a new longevity pay policy for officers, it may do so only prospectively.

Your second question involves the salary grievance procedure described by section 152.016 of the Local Government Code. *See* Request Letter at 2. Under that provision, "[a]n elected county . . . officer who is aggrieved by the setting of the officer's salary or personal expenses may request a hearing before the salary grievance committee before the approval of the county's annual budget." TEX. LOC. GOV'T CODE § 152.016(a); *see also id.* § 152.016(c)–(d) (setting forth the functions and authority of the salary grievance committee). If a county official has "never raised the issue" in the salary grievance process during the previous twelve years, you ask whether the county official "waive[s] the issue of longevity pay." Request Letter at 2. The statute provides that a written request for a hearing must be delivered to the chair of the salary grievance committee "within five days after the date the officer receives notice of the salary or personal expenses" that will be included in the annual budget and must "state the desired change in salary or personal expenses." TEX. LOC. GOV'T CODE § 152.016(a)(1)–(3); *see also id.* § 152.013(a) (providing that the commissioners court sets the compensation for elected officers "each year"). Furthermore, the deadline for the grievance committee to hold a public hearing on the grievance is within ten days of the request being received or within ten days of the

commissioners court selecting the public members of the committee, whichever is later.  *Id.* § 152.016(b).  Accordingly, a county officer who does not challenge the officer's proposed salary in accordance with the procedure and deadline specified by subsection 152.016(a) of the Local Government Code has effectively waived any salary grievance for the upcoming fiscal year.

## S U M M A R Y

A commissioners court order granting longevity pay to certain qualified employees and allowing employees to transfer the longevity pay to another county department if they are hired there does not continue in effect for an individual who later becomes a county officer.

A county officer who does not challenge the officer's proposed salary in accordance with the procedure and deadline specified by subsection 152.016(a) of the Local Government Code in any given year has effectively waived any salary grievance for the upcoming fiscal year.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee